IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD WAYNE BUSBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 3:12-cv-3868-B |
| | § | |
| AVALON TRANSITIONAL | § | |
| CORRECTIONAL FACILITY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

## Background

Donald Wayne Busby, a former Texas prisoner proceeding *pro se*, brings this civil rights action alleging that employees of the Avalon Transitional Correctional Facility were deliberately indifferent to his serious medical needs and that certain personal belongings – including legal papers provided by his parole officer – were disposed of without his consent. On September 25, 2012, Plaintiff tendered a civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information that Plaintiff provided in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted

Plaintiff leave to proceed *in forma pauperis* and allowed the complaint to be filed. The Court then sent written interrogatories to Plaintiff to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on November 15, 2012.

Plaintiff alleges that, within 10 to 14 days of his October 19, 2011 release from the Texas Department of Criminal Justice ("TDCJ") into the Way Back House transitional facility, he was bitten by bed bugs over 200 times. Due to the bites, he was sent to Parkland Hospital on November 1, 2011. He seeks $5,000,000 in monetary compensation for physical and emotional damages. Plaintiff also seeks to recover for loss of property that occurred when representatives of the transitional facility disposed of his Social Security Card, legal papers, and other documents without his permission.

The Court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (I)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell*

-2-

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

## Analysis

Plaintiff's medical care claim should be dismissed. This claim is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. To establish a constitutional violation, a plaintiff must establish

"deliberate indifference" to his "serious medical needs," constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). This, in turn, requires proof that the prison staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does a disagreement with medical treatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). Rather, a plaintiff must show that the prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff alleges that, at some point between October 19, 2011 and November 1, 2011, he was bitten by hundreds of bed bugs. *See* Dkt. No. 3 at 4, ¶ V. As a result of these bites, Plaintiff has suffered ongoing physical discomfort and mental anguish. *See* Dkt. No. 10 at Question No. 2. However, Plaintiff indicates that he received prompt medical care for the bug bites, which included treatment at the Parkland Hospital on November 1, 2011. *See* Dkt. No. 10 at Question Nos. 7-8. Even liberally construed,

these allegations fail to state a claim for deliberate indifference against any of the Defendants. At most, Plaintiff has shown either a disagreement over the course of his medical treatment or a brief delay in providing medical care and the referral to the hospital. Neither is actionable under section 1983. *See, e.g., Fenlon v. Quarterman*, 350 F. App'x 931, 934, 2009 WL 3444778, at *2 (5th Cir. Oct. 26, 2009) ("Brief delays in receiving pain medication and medical care do not give rise to claims of a constitutional dimension, either."); *see also Alfred v. Texas Dept. of Criminal Justice*, 80 F. App'x 926, 928, 2003 WL 22682118, at *1 (5th Cir. Nov. 13, 2003) (refusal to allow inmate to see a specialist did not amount to deliberate indifference to serious medical need); *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999) (failure of prison doctor to follow recommendation of another physician did not constitute deliberate indifference); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (unsuccessful medical treatment, negligence, or neglect does not rise to the level of a constitutional violation).

To the extent that Plaintiff seeks to raise a claim under the Eighth Amendment related to his being bitten by bed bugs at the Way Back House transitional facility, separate from the treatment he received for the bites, that allegation should also be summarily dismissed. To establish a conditions-of-confinement violation, Plaintiff must show (1) objectively that the deprivation was sufficiently serious that it deprived him of the minimal level of life's necessities and (2) subjectively that prison officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834-35 (1994). To prove such deliberate indifference, Plaintiff must show that Defendants "(1) were aware of facts from which an inference of excessive risk to the

prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff has not alleged that any Defendant was aware of, and disregarded, a substantial risk of serious harm from unsanitary conditions at the Way Back House. *See Farmer*, 511 U.S. at 847. Nor has Plaintiff suggested that the conditions resulting in the bug bites constituted the type of persistent "extreme deprivation" necessary to establish an Eighth Amendment violation. *See Davis v. Scott*, 157 F.3d 1003, 1004-06 (5th Cir. 1998) (finding no conditions-of-confinement violation where plaintiff was placed in a "filthy" cell with "blood on the walls and excretion on the floors and bread loaf on the floor").

Plaintiff's claim for the improper disposal of his Social Security Card, legal documents, and assorted papers should likewise be dismissed. To the extent that Plaintiff alleges the denial of his right of access to the courts under the Due Process Clause or the First Amendment, he has failed to state a claim for relief. *See generally Wolff v. McDonnell*, 418 U.S. 539, 579 (1974); *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Courts have not extended the right to access to the courts beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 418 U.S. 575-76; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Plaintiff does not allege that he was prevented in any way from exercising his legal rights; instead, he simply complains that documents were thrown away after his release from the TDCJ.

The intentional deprivation of property does not give rise to a civil rights claim

unless the Plaintiff can show that state remedies are inadequate. *See Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981); *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir. 1996). Texas law provides an adequate post-deprivation remedy by way of a common law cause of action for conversion. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). As a result, Plaintiff cannot maintain a cause of action for the disposal of his documents under 42 U.S.C. § 1983.

## Recommendation

The Court should summarily dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2012

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE